IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| JOHN JENNINGS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FAIRMOUNT SANTROL HOLDINGS INC., JENNIFFER D. DECKARD, MATTHEW F. LEBARON, WILLIAM E. CONWAY, MICHAEL G. FISCH, CHARLES D. FOWLER, STEPHEN J. HADDEN, MICHAEL C. KEARNEY, WILLIAM P. KELLY, MICHAEL E. SAND, and LAWRENCE N. SCHULTZ,<br><br>Defendants. | Lead Case No. 1: 18-cv-00931<br><br>Judge Christopher A. Boyko<br><br>Magistrate Judge David A. Ruiz |

**MOTION OF SHAREHOLDER THOMAS MARC VINSON FOR AN ORDER REQUIRING CLASS COUNSEL TO PROVIDE REPORTS AND INFORMATION RELIED UPON BY CLASS COUNSEL IN CLASS COUNSELS' MOTION FOR PRELIMINARY APPROVAL**

Now comes Shareholder, Thomas Marc Vinson, and hereby moves this Court for an Order requiring Class Counsel to provide Shareholder Vinson with copies of the following documents:

1. The non-public documents provided to Class Counsel pursuant to the terms of a May 12. 2018 confidentiality agreement to permit evaluation of the claims asserted *Jennings, Roselle, Schneider,* and *Fitzgibbon* actions, as referenced in Paragraph U of the Stipulation of Settlement. (Doc # 30-3 PageID#1198)

2. The non-public documents produced by Defendants and Wells Fargo Securities LLC referenced in the Stipulation at Paragraph NN (Doc # 30-3;PageID #1198)

3. The depositions of Mr. LeBaron and Mr. Babowal also referenced in Paragraph NN of the Stipulation.

4. Any and all expert reports and appraisals and evaluations, relied upon by either Class Counsel or Lead Counsel to evaluate the fairness, reasonableness, and adequacy of the proposed settlement and whether it is in the best interests of the Settlement Class.

5. Any and all expert reports, appraisals, evaluations upon which Class Counsel concluded that the proposed settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. (Doc # 30-3;PageID#1211)

6. Any documents evidencing the information Class Counsel indicated was available to Class Counsel, and upon which Class Counsel concluded that with the addition of the Supplemental Disclosures, is adequate so that Fairmount Santrol stockholders were able to make an informed decision, as referenced in Paragraph 10. (Doc # 30-3; PageID#1217)

Shareholder Vinson represents and declares that he held Fairmount Santrol common stock at all relevant times between and including December 11, 2017 and June 1, 2018 and that he is not one of the Defendants, a subsidiary company, affiliate, assign, or a member of Defendants' immediate families.

Mr. Vinson makes this motion for the following reasons, starting with the fact that he lost hundreds of thousands of dollars as a result of the manner in which the Defendants executed the merger, and he will be precluded from bringing any action to enforce his rights and to seek compensation for the damages he sustained. In addition, after reviewing the terms of the Stipulation of Settlement, it appears to Mr. Vinson that not a single fact has been presented to the Court or to the Shareholder Class supporting Class Counsel's personal opinion that the settlement is fair, reasonable, adequate, and in the best interests of the Shareholder Class.

Presumably, when this action was first filed Lead Counsel and Class Counsel must have

had some reasonable basis to believe that Defendants breached the law and caused damages to the shareholders of the company. Each had to have had a good faith belief that Defendants' conduct was not only legally insufficient, but also the source of some harm to the shareholder class. If this settlement is in the best interests of all shareholders, and is also one under which the Shareholders should not be permitted to trouble the Defendants in the future, Class Counsel must have some market or economic evidence or some legal basis explaining the futility of proceeding further with this litigation.Yet, in their application for preliminary approval, Class Counsel did not provide a single factual predicate or any professional opinion, report, appraisal, or evaluation that supports Class Counsels' personal opinion as to the fairness, reasonability, and adequacy of the settlement. On this thin and friable basis, Class Counsel represents that the settlement, which essentially provides only that Class Counsel will be paid and that the Defendants will be fully protected from any other shareholder desiring to seek his or her rights. Before individual members of the Shareholder Class are permanently precluded from seeking whatever private remedies they may possess, it would seem they are entitled to better explanations from Class Counsel supported by facts and sound market reasons.

This Court entered an Order dated November 26, 2018 (Doc # 31), under which the Court imposed certain deadlines and duties on any and all shareholders that would fit within the definition of the Class sought to be established by Class Counsel and Defendants. Mr. Vinson is a party contemplated by the Court's November 26th order and is impacted by the Court's ruling. The Court has set the final hearing on Class Counsel's motion for approval for March 13, 2019, and has ordered all Shareholders intending to object to the Settlement to note their intention to object to the Settlement and to submit all papers in support of their objections to the Court no later than February 20, 2018. Shareholder Vinson asserts that in order for him to properly and fully state his objections, he needs to know the factual, market, economic, and legal information Class Counsel

obtained and upon which it relied when it represented to this Court that the Settlement was in the best interests of the shareholder class and that it is reasonable for the Settlement Agreement to bar any future actions by any and all individual shareholders.

Unless Class Counsel provides the professional reports, market analyses, economic evaluations, and appraisals upon which it relied for its representations to this Court in short order, Vinson will not have sufficient information to be able to fully and adequately present his objections to the Court.

Vinson has agreed to be bound by this Court's Confidentiality Order. This motion is made in good faith and not for the purposes of delay or harassment.

        Respectfully Submitted,

*/s/ Timothy A. Shimko*
Timothy A. Shimko (0006736)
Shimko Law Offices LLC
159 Crocker Park Blvd. Suite 400
Westlake, Ohio 44145
Tel. (216) 241-8300
Fax (216) 539-2015
tas@shimkolaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2018, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                         Timothy A. Shimko